IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID CHARLES FLEMMING JR. | § | |
| v. | § | CIVIL ACTION NO. 9:07cv182 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner David Charles Flemming Jr., proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Flemming was convicted, on his plea of guilty, of two counts of aggravated assault on September 10, 2001, receiving sentences of 45 years in prison. He did not take a direct appeal, but sought state habeas corpus relief, which was denied on April 17, 2002. Flemming argues that he is actually innocent of the offense, no rational jury would have convicted him without an affirmative finding and the void enhancement paragraph, his conviction violated the *Ex Post Facto* Clause, and he received ineffective assistance of counsel. Flemming also stated that he had newly discovered evidence showing that he was denied a fair trial. but did not provide any such evidence or state what it was.

After review of the pleadings, the Magistrate Judge issued a Report on August 28, 2007, recommending that the petition be dismissed because of the expiration of the statute of limitations. Flemming filed objections to this Report on September 6, 2007.

In his objections, Flemming says that he was the victim of a fundamental miscarriage of justice and that he has been denied a "federal right to receive justice." He says that he received ineffective assistance of counsel because his attorney was paid eight thousand dollars and did nothing, and that his parents were trying to save up enough money to hire an appellate lawyer, but then his mother died in August of 2007. He asks the Court to investigate the performance of his attorney and refers to "newly discovered evidence," although this evidence appears to be that there was no affirmative finding of use of a deadly weapon. Flemming says that he is actually innocent and so is entitled to release or to receive a new trial. None of Flemming's objections explain why he waited over four years after the limitations period had expired in which to file his federal habeas corpus petition. These objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner David Flemming is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **9**   day of **October, 2007.**

_____
Ron Clark, United States District Judge